UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY | PLAINTIFF |
| v.      CASE NO. 3:07-CV-00080 GTE (Lead Case) | |
| PAMELA K. HARGIS and BRANDON HARGIS | DEFENDANTS |

CONSOLIDATED WITH:

| | |
|---|---|
| SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY | PLAINTIFF |
| v.      CASE NO. 3:07-cv-00087 (Consolidated Case) | |
| PAMELA K. HARGIS and BRANDON LYNN MARBRY | DEFENDANTS |

## ORDER ON MOTION TO INTERVENE

Presently before the Court is the Motion to Intervene filed by Assurity Life Insurance Company ("Assurity Life"). The consolidated action involves the distribution of the proceeds of life insurance policies issued by American General Life Insurance Company and Southern Farm Bureau Life Insurance Company to insure the life of David R. Hargis. David R. Hargis died as a result of a gun shot wound to the head. It is alleged in the Complaints that Pamela K. Hargis, David R. Hargis' surviving spouse and the primary beneficiary to each policy, has filed a claim for benefits, but that the investigation by the Blytheville Police Department is considered to be ongoing and Pamela K. Hargis has not been eliminated as a suspect. It further states that in the event Pamela K. Hargis is charged and convicted for intentionally causing the death of David R. Hargis, she would be prevented from receiving any policy benefits.

Assurity Life petitions the Court for permissive intervention in this case stating that its predecessor in interest, Lincoln Direct Life Insurance Company, issued a term life insurance policy to David Richard Hargis on December 26, 2002. Assurity Life further states that Pamela K. Hargis is the primary beneficiary, and has made a claim for the policy proceeds. Assurity Life asserts that since there are common questions of law and fact with regard to all three of these insurance policies, permissive intervention is appropriate. *See* Fed. R. Civ. P. 24(b)(2) ("Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common."). The Court agrees. Assurity Life's motion is granted.

Accordingly,

IT IS HEREBY ORDERED THAT Assurity Life Insurance Company's Motion to Intervene (Docket No. 13) be, and it is hereby, GRANTED.

Dated this 17th day of August, 2007.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE