**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

| | |
|---|---|
| **AMERICAN GENERAL LIFE INSURANCE COMPANY** | **PLAINTIFF** |
| v.    CASE NO. 3:07-CV-00080 GTE (Lead Case) | |
| **PAMELA K. HARGIS and BRANDON HARGIS** | **DEFENDANTS** |
| **ASSURITY LIFE INSURANCE COMPANY** | **INTERVENOR** |

<u>**CONSOLIDATED WITH:**</u>

| | |
|---|---|
| **SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY** | **PLAINTIFF** |
| v.    CASE NO. 3:07-cv-00087 (Consolidated Case) | |
| **PAMELA K. HARGIS and BRANDON LYNN MARBRY** | **DEFENDANTS** |

<u>**AND**</u>

| | |
|---|---|
| **GREAT AMERICAN LIFE INSURANCE COMPANY** | **PLAINTIFF** |
| v.    CASE NO. 3:07-CV-00148 GTE (Consolidated Case) | |
| **PAMELA K. HARGIS and BRANDON HARGIS** | **DEFENDANTS** |

<u>**ORDER**</u>

This case is before the Court at the request of the Defendants to accept a compromised settlement and to dismiss the above actions with prejudice. That all the Plaintiffs and intervenor have deposited funds with the Clerk of the Court and have been dismissed from this action. That

1

American General Insurance Company deposited $350,000 plus interest, Southern Farm Bureau Life Insurance Company deposited $100,000 plus interest, Assurity Life Insurance Company deposited $50,000 plus interest, and Great American Life Insurance Company deposited $250,000 plus interest.  That all these insurance companies interpled the life insurance proceeds that were as a result of the death of David Hargis.  That Pamela Hargis was the primary beneficiary of these proceeds and Brandon Hargis[1] was the contingent beneficiary of these proceeds.  That Pamela Hargis and Brandon Hargis have reached a settlement agreement, which is titled "Settlement Agreement and Release," which is attached as exhibit A.

Accordingly,

**IT IS THEREFORE ORDERED THAT:**

1. That the Court hereby accepts the compromised settlement that was reached between Pamela Hargis and Brandon Hargis and accepts the agreement that they reached titled "Settlement Agreement and Release."

2. That the Clerk of the Court has certain funds that were deposited from American General Life Insurance Company, Southern Farm Bureau Life Insurance Company, Assurity Life Insurance Company, and Great American Life Insurance Company; that the Clerk of the Court is directed to issue a check which consists of the proceeds, plus interest, that these companies have deposited.

3. That the Clerk of the Court is directed to issue the checks of all the proceeds and interest to PAMELA HARGIS, AND MARK REES, her attorney at 2110 East

---

[1]Counsel for Pamela K. Hargis has clarified that Brandon Marbry was adopted by David Hargis and changed his name to Brandon Hargis.  Therefore, Brandon Marbry and Brandon Hargis are one and the same.

       Matthews, Jonesboro, AR 72401.

4.      The Court hereby dismisses this case with prejudice.

IT IS SO ORDERED THIS 3rd day of January, 2008.

                                              <u>/s/Garnett Thomas Eisele</u>
                                              UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY | PLAINTIFF |
| V.    CASE NO. 3:07-CV-00080 GTE (Lead Case) | |
| PAMELA K. HARGIS and BRANDON HARGIS | DEFENDANTS |
| ASSURITY LIFE INSURANCE COMPANY | INTERVENOR |

CONSOLIDATED WITH:

| | |
|---|---|
| SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY | PLAINTIFF |
| V.    CASE NO. 3:07-CV-00087 (Consolidated Case) | |
| PAMELA K. HARGIS and BRANDON LYNN HARGIS | PLAINTIFF |

AND

| | |
|---|---|
| GREAT AMERICAN LIFE INSURANCE COMPANY | PLAINTIFF |
| vs.    CASE NO.: 3:07-CV-00148 GTE (Consolidated Case) | |
| PAMELA HARGIS and BRANDON L. HARGIS | DEFENDANTS |

SETTLEMENT AGREEMENT AND RELEASE

Comes now the Defendants, Pamela Hargis (hereinafter PAMELA) and Brandon L. Hargis (hereinafter BRANDON) and they mutually enter this settlement agreement and release between each other, and certain life insurance companies, to resolve all the claims.

1.   That PAMELA and BRANDON both acknowledge that the following life insurance proceeds exist from the death of David Hargis:



EXHIBIT A

Settlement Agreement and Release
Page 2 of 5

    a.    American General (policy # YM00029240) ...................... $350,000

    b.    Southern Farm Bureau (policy # 2309330) ...................... $100,000

    c.    Assurity Life Insurance (policy # 675599) ....................... $ 50,000

    d.    Great American Life Insurance (policy # SM2120708) ..... $250,000

    2.    That PAMELA acknowledges that she is the primary beneficiary of all the above policies; that BRANDON acknowledges that he is the contingent beneficiary of all the above policies.

    3.    That PAMELA and BRANDON both acknowledge that a total of $750,000, plus interest has been placed in an interest bearing account with the Clerk of this court until the Court determines who the rightful owner of all the proceeds is determined.

    4.    That BRANDON understands that if it was determined that PAMELA was responsible for the death of David Hargis, that BRANDON would be entitled to all the above proceeds.

    5.    That BRANDON acknowledges that it is his opinion that PAMELA had nothing to do with the death of David Hargis. That BRANDON acknowledges that it is his opinion that David Hargis died of suicide. That BRANDON also acknowledges that he received a copy of the autopsy report on David Hargis, which, in his opinion, was also consistent with suicide.

    6.    That BRANDON hereby waives any interest that he may have now, or in the future to the following policies and the amounts of said policies:

    a.    American General (policy # YM00029240) ...................... $350,000

    b.    Southern Farm Bureau (policy # 2309330) ...................... $100,000

Settlement Agreement and Release
Page 3 of 5

      c.    Assurity Life Insurance (policy # 675599) ...................... $ 50,000

      d.    Great American Life Insurance (policy # SM2120708) ... $250,000

Again, BRANDON acknowledges the amounts of said life insurance as listed, that he is the contingent beneficiary, that he could be entitled to some or all of the proceeds, and with that in mind, BRANDON still waives any interest in said proceeds.

7.    That BRANDON acknowledges that he could have a trial to determine who is entitled to the life insurance proceeds; that BRANDON waives a trial in this matter.

8.    That BRANDON acknowledges that PAMELA is the rightful owner of all the life insurance proceeds. That BRANDON acknowledges that PAMELA is entitled to all of the $750,000, plus interest that is deposited with the Clerk of this Court.

9.    That PAMELA is represented by Mark Rees, Law Offices of Mark Rees.

10.    That BRANDON is not represented by counsel; that BRANDON fully understands that Mark Rees does not represent him; that BRANDON waives and does not wish to have counsel or to obtain the advise of counsel.

11.    That PAMELA agrees to accept all the life insurance proceeds.

12.    That BRANDON and PAMELA both agree to release the following life insurance companies:

      a.    American General on policy # YM00029240;

      b.    Southern Farm Bureau on policy # 2309330;

      c.    Assurity Life Insurance on policy # 675599;

      d.    Great American Life Insurance on policy # SM2120708.

That BRANDON and PAMELA acknowledge that this release is intended to release all the above

Settlement Agreement and Release
Page 4 of 5

life insurance companies as a result of the payment of proceeds on the death of David Hargis. It is also understood and agreed that this is a full and final settlement of all the claims, both known and unknown, on the payment of proceeds on the death of David Hargis.

13. That BRANDON and PAMELA both agree that they understand the contents of this agreement, they both agree they are signing this agreement on their own free will, that there has been no undue influence on them to sign this agreement, and that they are signing this agreement to resolve all the issues regarding the death of David Hargis.

14. That BRANDON and PAMELA both request that all the insurance proceeds be issued to PAMELA.

I, BRANDON HARGIS, have read this settlement agreement and release, and understand the contents, and accept this agreement and understand that I will be bound to this entire agreement.

_____
BRANDON HARGIS

12-28-07
_____
Date

I, PAMELA HARGIS, have read this settlement agreement and release, and understand the content, and accept this agreement and understand that I will be bound to this entire agreement.

_____
PAMELA HARGIS

12-28-07
_____
Date

Settlement Agreement and Release
Page 5 of 5

STATE OF ARKANSAS
COUNTY OF Poinsett

On this 28th day of December, 2007, Brandon Hargis appeared before me, a Notary Public, was sworn, acknowledged that he understood the contents of this agreement, acknowledged that he was signing this on his own free will, and signed this agreement in front of me.

_Berry A. Moye_
Notary Public

My Commission expires:
BERRY A. MOYE
NOTARY PUBLIC
POINSETT COUNTY
My Comm. Exp. April 26, 2010

STATE OF ARKANSAS
COUNTY OF Poinsett

On this 28th day of December, 2007, Pamela Hargis appeared before me, a Notary Public, was sworn, acknowledged that she understood the contents of this agreement, acknowledged that she was signing this on her own free will, and signed this agreement in front of me.

_Berry A. Moye_
Notary Public

My Commission expires:
BERRY A. MOYE
NOTARY PUBLIC
POINSETT COUNTY
My Comm. Exp. April 26, 2010